IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 JUL -8 PM 4: 49

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| TONI SWANIGAN, LILLIE MAE MCGHEE-ALEXANDER, SHERRY MOORE, JACQUELINE BROOKS, DARRELL MACKEY, and ANISSA T. SWANIGAN for themselves and and all persons similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 04-2937 B/P |
| vs. | ) ) ) | |
| NORTHWEST AIRLINES, INC., | ) ) | |
| Defendant. | ) ) ) | |

ORDER GRANTING IN PART DEFENDANT'S MOTION TO STAY DISCOVERY
PENDING A RULING BY THE COURT ON NORTHWEST'S MOTION FOR JUDGMENT
ON THE PLEADINGS WITH RESPECT TO PLAINTIFFS' CLASS ACTION
ALLEGATIONS

Before the court is defendant Northwest Airlines, Inc.'s Motion to Stay Discovery Pending a Ruling by the Court on Northwest's Motion for Judgement on the Pleadings With Respect to Plaintiffs' Class Action Allegations, filed May 10, 2005 (dkt #16). Plaintiffs filed their response on June 13, 2005. With leave of court, a reply was filed by the defendant on June 24, 2005. The matter was referred to the Magistrate Judge for determination.

For the reasons below, the motion is GRANTED in part.

-1-

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on _7-11-05_

35

## I.   BACKGROUND

Plaintiff filed this Title VII racial discrimination class action complaint on November 11, 2004.  In their complaint, the plaintiffs allege that their employer, defendant Northwest Airlines, Inc., has a company-wide pattern and practice of racial discrimination that adversely affects all African-Americans employed by the defendant.  They contend that defendant's African-American employees on a whole are assigned less desirable, lower paying jobs than Caucasian employees of lesser or equal qualifications.  Plaintiffs assert that defendant's conduct constitutes disparate impact discrimination and that the defendant has engaged in a pattern or practice of fostering, tolerating, and condoning a company-wide work environment that is hostile, intimidating, and degrading to African-Americans.  Finally, plaintiffs believe that African-American employees who file charges of racial discrimination suffer retaliation.

On May 10, 2005, the defendant filed a Motion for Judgment on the Pleadings With Respect to Plaintiffs' Class Action Allegations. In that motion, the defendant argues that plaintiffs' class claims cannot, as a matter of law, be certified under Fed. R. Civ. P. 23, even if all of the factual allegations in the complaint are presumed to be true.  Defendant claims that plaintiffs' purported class cannot be certified under Rule 23 as a matter of law given the "highly individualized nature of their claims" and their

request for compensatory and punitive damages.

On that same date, the defendant filed the present motion to stay discovery, asking that the court stay all discovery until the District Judge rules on defendant's motion for judgment on the pleadings.   Plaintiffs oppose the motion, but argue in the alternative that, at minimum, the parties should be allowed to move forward with discovery on plaintiffs' individuals claims – claims which are not the subject of defendant's motion to dismiss.

## II.  ANALYSIS

It is well settled that a court has discretion to stay discovery pending determination of dispositive motions.   <u>See</u> <u>Nichols v. Baptist Memorial Hosp.</u>, No. 02-2561, 2004 WL 2905406, at *2 (W.D. Tenn. April 2, 2004)(unpublished)(citing cases). Moreover, Fed. R. Civ. P. 1 states that the federal rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."  <u>Id</u>. (quoting Fed. R. Civ. P. 1).  In deciding whether a stay of discovery is appropriate when dispositive motions are pending, the court should consider, among other factors, whether the pending motion will dispose of the entire case, whether discovery is necessary to gather facts in order to defend against a dispositive motion, and whether the party seeking the discovery will be prejudiced by the delay.  <u>Id</u>. at *2 (citing cases).

In the present case, the court finds in its discretion

-3-

sufficient justification to stay discovery relating to the class
allegations until the court rules on defendant's motion to dismiss.
Of primary importance to the court in reaching this decision is the
fact that class discovery in this particular case has the potential
to consume vast resources from all litigants.  See In re Managed
Care Litigation, No. 00-1334, 2001 WL 664391, at *3 (S.D. Fla. June
12, 2001)(unpublished).   The plaintiffs have not indicated that
they need any class discovery to defend against defendant's motion
to dismiss, and in fact, have already filed their response to that
motion.    Although  in  their  response  plaintiffs  assert  that
"plaintiffs are in need of discovery to support the motion to
certify the class," a motion to certify the class is not in defense
of the pending motion to dismiss, which by its nature must be
decided only on the pleadings.  Moreover, other than stating in
their response brief that a stay of discovery would be prejudicial
to  them  given  the  defendant's  alleged  ongoing,  company-wide
discriminatory practices and policies, the plaintiffs have not
articulated any specific examples of prejudice they would suffer as
a  result  of  a  temporary  stay  of  class  discovery.    Finally,
defendant has only recently filed its answer to the complaint, a
scheduling order has not yet been entered by the court, and no
trial date has been set.

The court notes, however, that the pending motion to dismiss,
if granted, would not dispose of the entire case, and the court

-4-

finds no basis at this time to stay discovery on the plaintiffs' individual claims. Potential overlap in individual and class discovery, or the possibility that future motions or defenses may dispose of plaintiffs' individuals claims do not justify a stay of individual claims discovery at this time. Therefore, the parties are directed to meet and confer regarding a discovery plan on plaintiffs' individual claims, and to appear before the court on July 28, 2005 for a scheduling conference pursuant to Rule 16(b).

### III.   CONCLUSION

For the reasons above, the defendant's motion to stay discovery is GRANTED in part.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

July 8, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 35 in case 2:04-CV-02937 was distributed by fax, mail, or direct printing on July 11, 2005 to the parties listed.

---

Jona J. Miller
KING & SPALDING LLP
191 Peachtree St., N.E.
Ste. 3900
Atlanta, GA 30303

Ralph T. Gibson
BATEMAN GIBSON & CHILDERS
65 Union Ave.
1010 Cotton Exchange Bldg.
Memphis, TN 38103

R. Scott Ferber
KING & SPALDING LLP
191 Peachtree St.
Atlanta, GA 30303

Alexander W. Wellford
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Todd D. Wozniak
KING & SPALDING, LLP
191 Peachtree St.
Atlanta, GA 30303

Honorable J. Breen
US DISTRICT COURT