IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 AUG -3 PM 2: 59

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

TONI SWANIGAN, LILLIE MAE          )
MCGHEE-ALEXANDER, SHERRY           )
MOORE, JACQUELINE BROOKS,          )
DARRELL MACKEY [SIC], and          )
ANISSA T. SWANIGAN for             )
themselves and all persons         )
similarly situated,                )
Plaintiffs,                        )
                                   )
 vs.                               )   Civil Action No. 2:04cv2937-B/P
                                   )
NORTHWEST AIRLINES, INC.,          )
Defendant.                         )
                                   )

---

### SCHEDULING ORDER FOR POTENTIALLY COMPLEX CASE

---

Pursuant to written notice, a scheduling conference was held on July 28, 2005. Participating were Ralph T. Gibson, counsel for Plaintiffs, and Todd D. Wozniak (via telephone), counsel for Defendant. At the conference, the following dates were established for:

I.  INITIAL MOTIONS:

Defendant has filed a Motion for Judgment on the Pleadings with Respect to Plaintiffs' Class Action Allegations [14-15] and a Motion to Stay Discovery [16-17]. Plaintiffs Responded to Defendant's Motion for Judgment on the Pleadings [24] and Motion to Stay Discovery [23] and

37

Defendant filed Replies to same [32, 34]. The Court granted Defendant's Motion to Stay Discovery in part and stayed discovery relating the class allegations until the Court rules on Defendant's Motion for Judgment on the Pleadings [35]. The Court ordered that discovery on Plaintiffs' individual claims go forward. Defendant's Motion for Judgment on the Pleadings is currently pending before the Court.

## II. INDIVIDUAL ISSUES DISCOVERY AND BRIEFING:

Individual issues discovery will open on August 15, 2005 and will be completed by March 15, 2006.

### (a)  INITIAL DISCLOSURES PURSUANT TO Fed. R. Civ. P. 26(a)(1):

The parties agree that initial disclosures should be served no later than August 15, 2005.

### (b)  DOCUMENT PRODUCTION:

Requests for Production must be served at least thirty (30) days before the close of individual discovery. Each named Plaintiff may serve up to thirty (30) requests for production on Defendant. Defendant may serve up to thirty (30) requests for production on each named Plaintiff. These limits include all subparts.

**(c)   INTERROGATORIES:**

Interrogatories must be served at least thirty (30) days before the close of individual discovery. Each named Plaintiff may serve up to thirty (30) interrogatories on Defendant. Defendant may serve up to thirty (30) interrogatories on each named Plaintiff. These limits include all subparts.

**(d)   REQUESTS FOR ADMISSIONS:**

Requests for Admissions must be served at least thirty (30) days before the close of individual discovery. Each named Plaintiff may serve up to thirty (30) requests for admissions on Defendant. Defendant may serve up to thirty (30) requests for admissions on each named Plaintiff. These limits include all subparts.

**(e)   DEPOSITIONS:**

Depositions must be completed before the close of individual discovery. Depositions may last up to ten (10) hours each.

**(f)   NON-CLASS EXPERT WITNESS DISCLOSURES:**

> (1)  Plaintiffs' Rule 26(a)(2)(A) and Rule 26(a)(2)(B) non-class expert witness disclosures shall be made no later than December 15, 2005.

    **(2)** Defendant's Rule 26(a)(2)(A) and Rule 26(a)(2)(B) non-class expert witness disclosures shall be made no later than January 31, 2006.

    **(3)** Plaintiffs' non-class expert witness rebuttal Rule 26(a)(2)(A) and Rule 26(a)(2)(B) disclosures shall be made no later than February 6, 2006.

    **(4)** Non-class expert witness depositions shall be completed on or before March 15, 2006.

## III. FILING DISPOSITIVE MOTIONS ON INDIVIDUAL PLAINTIFFS' CLAIMS:

**(a)** Separate dispositive motions on each of Jacqueline Brooks', Darrell Mackey's, and Lillie Mae McGhee Alexander's claims shall be filed no later than May 15, 2006.

**(b)** Separate dispositive motions on each of Sherry Moore's, Anissa T. Swanigan's, and Toni Swanigan's claims shall be filed no later than June 15, 2006.

**(c)** Responses to dispositive motions on each individual Plaintiffs' claims shall be filed within thirty (30) days of service of a dispositive motion.

**(d)** Reply briefs in support of dispositive motions shall be filed within twenty (20) days of service of the relevant Response brief.

**IV.   JOINING PARTIES/AMENDING THE PLEADINGS:**

Plaintiffs and Defendant shall file any Motion for Leave to Amend and/or to Add Additional Parties within thirty (30) days after the Court rules on Defendant's pending Motion for Judgment on the Pleadings with Respect to Plaintiffs' Class Action Allegations.

**V.   SEVERANCE:**

**(a)** Motions to Sever shall be filed no later than thirty (30) days after the Court rules on all summary judgment motions on individual issues.

**(b)** Plaintiffs' Responses to any such motions shall be served within thirty (30) days of service of Defendant's Motions.

**(c)** Defendant may file Replies within fifteen (15) days of service of Plaintiffs' Responses.

**VI.   POTENTIAL CLASS DISCOVERY AND BRIEFING SCHEDULE:**

Pursuant to the Court's Order dated July 8, 2005 [35], Granting, in part, Defendant's Motion to Stay Discovery, the Court stayed discovery relating to the class allegations until the Court has ruled on Defendant's Motion for Judgment on the Pleadings.  To the extent any class issues remain after the Court has ruled on that Motion, the parties will submit a supplemental scheduling order and planning report.

-5-

## VII. OTHER RELEVANT MATTERS:

No depositions may be scheduled to occur after the relevant discovery cutoff date. All motions, requests for admissions, or other filings that require a response must be served sufficiently in advance of the discovery cutoff date to enable opposing counsel to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection, which is the subject of the motion, if the default occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection shall be waived.

This case is set for a jury trial. The pretrial order date, pretrial conference date, and trial date will be set by the presiding judge. If the case goes forward on existing individual claims, and if each plaintiff is severed for purposes at trial, the parties expect trial will last three (3) days per plaintiff (18 total trial days).

This case is appropriate for ADR. The parties are directed to engage in court-annexed attorney mediation or private mediation before the close of all discovery.

The parties are reminded that pursuant to Local Rule 11(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall be accompanied by a proposed order.

The opposing party may file a response to any motion filed in this matter. Except as set forth in this Order, neither party may file an additional reply without leave of the court. If a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required.

The parties have not consented to trial before the magistrate judge.

-6-

This order has been entered after consultation with trial counsel pursuant to notice. Absent good cause shown, the scheduling dates set by this order will not be modified or extended.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

August 3, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 37 in case 2:04-CV-02937 was distributed by fax, mail, or direct printing on August 3, 2005 to the parties listed.

---

Todd D. Wozniak
KING & SPALDING, LLP
191 Peachtree St.
Atlanta, GA 30303

Alexander W. Wellford
FARRIS MATHEWS BRANAN BOBANGO HELLEN & DUNLAP, PLC
One Commerce Square
Ste. 2000
Memphis, TN 38103

Jona J. Miller
KING & SPALDING LLP
191 Peachtree St., N.E.
Ste. 3900
Atlanta, GA 30303

Ralph T. Gibson
BATEMAN GIBSON & CHILDERS
65 Union Ave.
1010 Cotton Exchange Bldg.
Memphis, TN 38103

R. Scott Ferber
KING & SPALDING LLP
191 Peachtree St.
Atlanta, GA 30303

Honorable J. Breen
US DISTRICT COURT